UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Bryson,<br><br>    Petitioner,<br><br>vs.<br><br>J E Gunja, et al.,<br><br>    Respondents. | CV 10-0316-TUC-FRZ (JR)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Christopher Bryson's Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, Bryson was convicted on three counts of attempted first-degree murder, four counts of aggravated assault with a deadly weapon or dangerous instrument, two counts of aggravated assault causing serious physical injury, three counts of kidnapping, and one count each of aggravated harassment and theft of a means of transportation. *Answer*, Ex. A, p. 1. The trial court sentenced Bryson to a combination of concurrent and consecutive sentences totaling 47 years. *Id.*, pp. 1-2.

The Arizona Court of Appeals summarized the factual background as follows:

> In January 1999, as his estranged wife, H, was leaving an eastside bar, Bryson appeared and forced her at gunpoint to run with him into the nearby desert. After several hours walking through the area, H convinced Bryson to allow her to go to a store to buy water and cigarettes. H told a store clerk she needed help and the clerk called the police. The police arrived and arrested Bryson.
>
> In April 1999, when Bryson was out of custody, H was putting groceries in her car in a shopping center parking lot when he drove up behind her in his vehicle. Bryson approached H, grabbed her arm, and puller her toward his car. H sprayed Bryson with pepper spray and fell to the ground. Two men came to assist her, and Bryson got into his car and drove off. As H and the two men walked through the parking lot toward a grocery store, Bryson suddenly returned in his car and sped toward them. He hit all three, seriously injuring H and one of the men and causing lesser injury to the other man.

*Answer*, Ex. A, p. 2.

Bryson appealed his conviction, claiming that the trial court erred by denying his motions (1) to suppress certain post-arrest statements he made to police, (2) to introduce testimony from the psychologist who had evaluated his competency to

1 stand trial, (3) for additional psychiatric examination, (4) for a jury instruction on
2 disorderly conduct as a lesser-included charge. *Id*., Ex. B., pp. 8-19. On April 29,
3 2003, the Court of Appeals affirmed Bryson's conviction in an unpublished
4 memorandum decision. *Id.*, Ex. A. Bryson then petitioned the Arizona Supreme
5 Court for review. *Id*., Ex. E. The Supreme Court denied the petition on December 1,
6 2003. *Id*., Ex. F, p. 5.

7 On March 5, 2004, Bryson filed a timely notice for post-conviction relief
8 ("PCR") and on December 8, 2004 filed a supporting PCR petition. *Id*., Exs. G, H.
9 He argued that his trial counsel provided ineffective assistance by failing to object to
10 the prosecutor's misconduct during her cross-examination of Bryson. *Id*., Ex. H, p.
11 5-9. With the trial court's permission, Bryson also filed a supplemental *pro se* PCR
12 petition raising claims that his counsel was ineffective for (1) failing to introduce
13 military medical records, (2) failing to object to aggravating factors at sentencing, (3)
14 failing to object to the three charges of attempted first degree murder, (4) failing to
15 object to the imposition of consecutive aggravated sentences, and (5) for failing to
16 argue fundamental error on appeal, and that the trial court erred by failing to
17 articulate the aggravating factors supporting Bryson's sentence. *Id*., Ex. I, pp. 3-11.
18 By decision filed March 3, 2009, the trial court denied each of Bryson's claims on
19 the merits. *Id*., Ex. J. Bryson did not appeal the ruling. *Petition*, p. 5.

20
21
22

In the petition now before the Court, which was filed on May 27, 2010,[1] Bryson raises six claims of ineffective assistance of his trial and appellate counsel. *Petition*, pp. 6-10.

## II. **LEGAL DISCUSSION**

**A. Timeliness**

**1. The Petition is untimely.**

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Petitions filed beyond the one-year limitations period must be dismissed. *Id.* The statute provides in pertinent part that:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] This action was dismissed on April 29, 2011, due to Bryson's failure to comply with the District Court's June 17, 2010, order (Doc. 4). On July 18, 2012, Bryson filed a motion to vacate the dismissal order. (Doc. 10). The motion to vacate was granted on September 26, 2012 (Doc. 11), and Respondents filed their Answer on January 18, 2013 (Doc. 15), and Bryson filed his Reply on February 28, 2013 (Doc. 18).

4

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for Bryson's habeas petition was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The trial court denied Bryson's PCR petition on March 3, 2009. *Answer*, Ex. J. He then had 30 days to file a petition for review in the appellate court. Ariz.R.Crim.P. 32.9(c). Because Bryson did not file a petition for review, his conviction became final on April 3, 2009. *See Gonzalez v. Thaler,* -- U.S. --, 132 S.Ct. 641, 656, 181 L.Ed.2d 619 (2012) (for a state prisoner who does not seek review in the state's highest court, the judgment becomes final on the date that the time for seeking such review expires); *but see Samaniego v. Ryan*, 2011 WL 7109366, *3 (D.Ariz. Dec.1, 2011) (petition for post-conviction relief remained pending until the date the trial court summarily dismissed the proceeding and because petitioner did not appeal dismissal, the statute of limitations began to run the day after dismissal). The deadline for Bryson to file the instant petition was one year later, April 3, 2010.

1 Absent equitable tolling, the petition is untimely because it was not filed until May
2 27, 2010.

### 2. Bryson is not entitled to equitable tolling.

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). A petitioner is entitled to equitable tolling of the limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id*.

In relation to tolling, Bryson asserts that he was diligently pursuing his claims, but "needed more time to obtain necessary records from the military to support his petition." *Reply*, p. 6; *see also Petition,* p. 11. He also asserts that he "filed a motion for extension of time well in advance of the one-year deadline." *Reply*, p. 6. Neither of these reasons supports equitable tolling. First, Bryson does not explain how his inability to obtain the desired military records prevented him from timely filing his habeas petition. While he appears to be asserting that the petition could not be filed without the records, why this is so is not apparent from his argument. As for the assertion that he filed a motion for extension of time, the docket in this case does not reflect the filing of such a motion at any time before the filing deadline passed.

These circumstances therefore do not constitute the "extraordinary circumstances beyond the control" of the petitioner that would support equitable tolling.

### B. Exhaustion and Procedural Default

Respondents further contend that Bryson's claims were not properly exhausted and are barred from habeas review. A state prisoner must exhaust the available state remedies before a federal court may consider the merits of his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999). "[A] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

Exhaustion requires that a habeas petitioner present the substance of his claims to the state courts in order to give them a "fair opportunity to act" upon these claims. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then present his claims to the Arizona Court of Appeals. *See Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999).

Additionally, a state prisoner must not only present the claims to the proper court, but must also present them fairly. A claim has been "fairly presented" if the

1  petitioner has described the operative facts and federal legal theories on which the
2  claim is based. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44
3  F.3d 1396, 1403 (9th Cir. 1995). "Our rule is that a state prisoner has not 'fairly
4  presented' (and thus exhausted) his federal claims in state court unless he specifically
5  indicated to that court that those claims were based on federal law." *Lyons v.*
6  *Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d
7  904 (9th Cir. 2001). A petitioner must alert the state court to the specific federal
8  constitutional guaranty upon which his claims are based, *Tamalini v. Stewart*, 249
9  F.3d 895, 898 (9th Cir. 2001), however, general appeals in state court to broad
10 constitutional principles, such as due process, equal protection, and the right to a fair
11 trial, are insufficient to establish fair presentation of a federal constitutional claim.
12 *Lyons*, 232 F.3d at 669. Moreover, it is not enough that a petitioner presented to the
13 state court all the facts necessary to support an inadequately identified federal claim
14 or that a "somewhat similar" state law claim was raised. *Baldwin v. Reese*, 541 U.S.
15 27, 28 (2004); *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (mere similarity
16 between a claim of state and federal error insufficient to establish exhaustion).
17 "Exhaustion demands more than drive-by citation, detached from any articulation of
18 an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th
19 Cir. 2005).
20     Claims may be procedurally defaulted and barred from federal habeas review
21 in a variety of circumstances. If a state court expressly applied an adequate and
22 independent state procedural bar when the petitioner attempted to raise the claim in

8

state court review of the merits of the claim by a federal habeas court is barred. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). Arizona courts have been consistent in the application of the state's procedural default rules. *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding that Ariz.R.Crim.P. 32.2(a) is an adequate and independent procedural bar). In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See Ariz.R.Crim.P.* 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart*, 536 U.S. at 860; *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (Rule 32, Ariz.R.Crim.P. is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in postconviction proceedings).

    A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). To establish cause, a

petitioner must point to some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004). "[C]ause is an external impediment such as government interference or reasonable unavailability of a claims factual basis." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations omitted). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996).

Alternatively, a federal court may review the merits of a procedurally defaulted claim where a petitioner can establish that a "fundamental miscarriage of justice" would otherwise result. *Schlup v. Delo*, 513 U.S. at 327. A fundamental miscarriage of justice exists when a constitutional violation resulted in the conviction of one who is actually innocent. *Id*.

### 1. Analysis of Claims

Here, Bryson did not appeal the trial court's denial of his PCR petition. And, although he did present his direct appeal claims to the court of appeals, none of those claims match the claims he raises in the instant petition. Accordingly, none of his habeas claims were properly exhausted to the state courts. *Roettgen*, 33 F.3d at 38; *Swoopes v. Sublett,* 196 F.3d at 1010.

### 2. Cause and Prejudice

Respondents contend and Bryson does not contradict, that Bryson is procedurally barred from now raising any of his claims in State court. *See* Ariz.R.Crim.P. 32.2(a)(3) ("A defendant shall be precluded from relief under [Rule

32] based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding.") *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). As such, the merits of the claims need not be addressed unless Bryson establishes cause and prejudice or that a fundamental miscarriage of justice has occurred. Bryson does not argue that that a fundamental miscarriage of justice has occurred. Rather, he contends that there was a breakdown in his relationship with his PCR counsel and that he was not aware of the filing deadlines for the appeal of the trial court's denial of his PCR petition. *Reply*, pp. 5-8. However, ignorance of the state's procedural rules or lack of legal training do not constitute legally cognizable "cause" for a petitioner's failure to fairly present a claim. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908-10 (9th Cir. 1986); *Schneider v. McDaniel*, 674 F.3d 1144, 1153 (9th Cir. 2012). As such, Bryson has not demonstrated cause for his procedural default of the claims raised in the petition and the claims should therefore be dismissed.

## III. RECOMMENDATION

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Bryson's Petition for Writ of Habeas Corpus (Doc. 1).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

1       However, the parties shall have fourteen (14) days from the date of service of
2 a copy of this recommendation within which to file specific written objections with
3 the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the
4 Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days
5 within which to file a response to the objections. If any objections are filed, this
6 action should be designated case number: **CV 10-316-TUC-FRZ**. Failure to timely
7 file objections to any factual or legal determination of the Magistrate Judge may be
8 considered a waiver of a party's right to *de novo* consideration of the issues. *See*
9 *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).

10       Dated this 8th day of July, 2013.

                                  Jacqueline M. Rateau
                                  United States Magistrate Judge