# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Bryson, | No. CV 10-316-TUC-FRZ |
| Petitioner, | **ORDER** |
| vs. | |
| J.E. Gunja, et al., | |
| Respondents. | |

Before the Court for consideration is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Christopher Bryson, *pro se*, and the Report and Recommendation of the Magistrate Judge, recommending the Court, after an independent review or the record, dismiss the Petition with prejudice.

Petitioner was convicted in September 2001 in Pima County Superior Court following an eight day jury trial on three counts of attempted first-degree murder, four counts of aggravated assault with a deadly weapon or dangerous instrument, two counts of aggravated assault causing serious physical injury, three counts of kidnapping, and one count each of aggravated harassment and theft of a means of transportation in combined state criminal cases. The trial court sentenced Petitioner to a combination of concurrent and consecutive sentences totaling 47 years. The convictions and sentences were affirmed on appeal. The Arizona Supreme Court denied review without comment.

Furthermore, the trial court summarily denied any post-conviction relief sought by Petitioner.

1       The present Petition for Writ of Habeas Corpus, filed on May 27, 2010, raises six
2 claims of ineffective assistance of trial and appellate counsel, as set forth in the Court's initial
3 screening order (Doc. 4) and the Report and Recommendation (Doc. 19).

4       This matter was referred to Magistrate Judge Jacqueline M. Rateau, pursuant to the
5 provisions of 28 U.S.C. § 636(b), Rule 72, Fed.R.Civ.P., and Local Rules 72.1 and 72.2 of
6 the Rules of Practice of the United States District Court for the District of Arizona, for
7 further proceedings and Report and Recommendation.

8       Magistrate Judge Rateau issued her Report and Recommendation, recommending that
9 the District Court dismiss the Petition for Writ of Habeas Corpus, as untimely and
10 procedurally barred, setting forth the factual and procedural history of the Petitioner's state
11 court proceedings and convictions at issue.  The Report and Recommendation further sets
12 forth a thorough analysis of the legal standards regarding timeliness and procedural default
13 under the relevant provisions of the Antiterrorism and Effective Death Penalty Act of 1996.

14       The Petitioner filed an Objection to Report and Recommendation (Doc. 20),
15 challenging the Magistrate Judge's procedural and factual findings and legal determinations
16 of the state court proceedings.

17       The Court finds, after consideration of all the matters presented and an independent
18 review of the record herein, including the issues raised by the Petitioner in his objection, that
19 the Petition for a Writ of Habeas Corpus shall be denied and this action shall be dismissed
20 in accordance with the Report and Recommendation.

21       Accordingly,

22       **IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 19) is
23 hereby ACCEPTED AND ADOPTED as the findings of fact and conclusions of law by this
24 Court;

25       **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1)
26 is DENIED and this action is hereby DISMISSED;

27       **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment
28 accordingly.

1  **IT IS FURTHER ORDERED** that, if Petitioner appeals the denial of his petition for
2  habeas relief, any request for certificate of appealability shall be denied based on the Court's
3  determination of the claims presented, and based on the Court's finding that Petitioner has
4  failed to make the requisite substantial showing of a denial of a constitutional right on the
5  grounds presented. See 28. U.S.C. § 2253(c).[1]

DATED this 8th day of July, 2014.

_____
Frank R. Zapata
Senior United States District Judge

---

[1] The Court "may issue a COA for any issue with respect to which petitioner makes a "substantial showing of the denial of a constitutional right." *Jennings v. Woodford*, 290 F.3d. 1006, 1010 (9th Cir. 2002)(citing 28 U.S.C. § 2253(c)(2)). The standard permits an appeal where the petitioner can "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further." *Id.* (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383 (1983)).